Minimum Mandatory__yes___
Rule 35/5K1.1 __yes___
Appeal Waiver__no___
Forfeiture ___no_____
Other ___no_____

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### STATESBORO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )    CR 604-10 |
| | ) |
| AUNDREY DOUGLAS | ) |
| also known as "Auni" and "Big T," | ) |
| Defendant | ) |

## SUMMARY OF PLEA AGREEMENT

[This summary of the plea agreement is for the convenience of the Court, and does not constitute a part of the body of the agreement itself, which follows in full hereafter.]

**DEFENSE COUNSEL**:

    J. Franklin Edenfield

**STATUTES CHARGED**:

    Count One: 21 U.S.C. §846, Conspiracy to Distribute and to Possess with Intent to Distribute Cocaine Base (Crack)

    Counts Nine and Ten: 21 U.S.C. §841, Distribution of Cocaine Base (Crack)

**COUNT PLEADING TO**:

    Count Nine: 21 U.S.C. §841, Distribution of Cocaine Base (Crack)

**PENALTY**:

    Without enhancement for prior felony drug convictions: Not less than 5 nor more than 40 years imprisonment; a fine of not more than $2,000,000; and a term of supervised release of not less than 4 years.

**ELEMENTS**

- That the defendant distributed cocaine base (crack);
- That he did so knowingly and willfully.

**SUMMARY OF GOVERNMENT'S PROMISES**:

- Dismiss Counts One and Ten of the Indictment as to him;
- Not seek to enhance his sentence under the terms of 21 U.S.C. §851, if applicable;
- Not object to a recommendation from the probation officer that the defendant receive a reduction for acceptance of responsibility under the provisions of Chapter Three, Part E of the Sentencing Guidelines and move for the third offense level point reduction based upon the timeliness of his plea, all provided the defendant truthfully admits the conduct comprising the offense of conviction, has fully complied with the terms of pretrial release, if applicable, and has not engaged in any criminal conduct subsequent to arrest or initial appearance in this matter.
- Forebear prosecution of all federal offenses within the Southern District of Georgia which are disclosed by the defendant as a part of the defendant's cooperation under this agreement, **EXCEPT crimes of violence, perjury, false statements, obstruction of justice, tax, and civil rights offenses**.
- Advise the Court of the extent and value of any information, cooperation, or assistance in the investigation and prosecution of others provided by the defendant. If the defendant's cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. §3553(e) and U.S.S.G. §5K1.1 and under the policies of the United States Attorneys Office for the Southern District of Georgia warrants the filing of a motion for downward departure from the applicable sentencing guideline range and departure below any applicable statutory mandatory minimum sentence. If the defendant's cooperation is completed or likely to be completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. §3553(e) and Rule 35, Fed.R.Crim.P. and under the policies of the United States Attorneys Office for the Southern District of Georgia warrants the filing of a motion for downward departure from the applicable sentencing guideline range and departure below any applicable statutory mandatory minimum sentence, within one year of the imposition of sentence.

**SUMMARY OF DEFENDANT'S PROMISES**:

- To plead guilty to Count Nine of the Indictment;

- To stipulate that relevant conduct involved at least 91 grams of cocaine base (crack);
- To give the United States Attorney's Office a complete and truthful financial statement in the event a fine is imposed;
- To waive certain Privacy Act and FOIA rights in connection with any post-conviction litigation.

Minimum Mandatory__yes___
Rule 35/5K1.1 __yes___
Appeal Waiver__no___
Forfeiture ___no_____
Other ___no_____

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

## STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 604-10 |
| | ) | |
| AUNDREY DOUGLAS | ) | |
| also known as "Auni" and "Big T," | ) | |
| Defendant | ) | |

## PLEA AGREEMENT

Frederick Kramer, Assistant United States Attorney, and J. Franklin Edenfield, attorney for the defendant, pursuant to the provisions of Rule 11, Federal Rules of Criminal Procedure, as amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment styled above, and a Plea Agreement has been reached by said parties in the following respects:

1. Upon the defendant's entry of a plea of guilty to the offense charged in Count Nine of the Indictment, the defendant's full compliance with all promises made hereinafter as a part of this agreement, and the defendant's adherence to all representations and understandings recited hereinafter, the attorney for the government will do the following:

a. Dismiss Counts One and Ten of the Indictment as to him;

b.      Not seek to enhance his sentence under the terms of 21 U.S.C. §851, if applicable;

c.      Not object to a recommendation from the probation officer that the defendant receive a reduction for acceptance of responsibility under the provisions of Chapter Three, Part E of the Sentencing Guidelines and move for the third offense level point reduction based upon the timeliness of his plea, all provided the defendant truthfully admits the conduct comprising the offense of conviction, has fully complied with the terms of pretrial release, if applicable, and has not engaged in any criminal conduct subsequent to arrest or initial appearance in this matter.

d.      Forebear prosecution of all federal offenses within the Southern District of Georgia which are disclosed by the defendant as a part of the defendant's cooperation under this agreement, **EXCEPT crimes of violence, perjury, false statements, obstruction of justice, tax, and civil rights offenses**.

e. Advise the Court of the extent and value of any information, cooperation, or assistance in the investigation and prosecution of others provided by the defendant.

If the defendant's cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. §3553(e) and U.S.S.G. §5K1.1 and under the policies of the United States Attorneys Office for the Southern District of Georgia warrants the filing of a motion for downward departure from the applicable sentencing guideline range and departure below any applicable statutory mandatory minimum sentence. If the defendant's cooperation is completed or likely to be completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. §3553(e) and Rule 35, Fed.R.Crim.P. and under the policies of the United States Attorneys Office for the Southern District of Georgia warrants the filing of a motion for downward departure from the applicable sentencing guideline range

and departure below any applicable statutory mandatory minimum sentence, within one year of the imposition of sentence.

In either case, the defendant understands that the determination as to whether the defendant has provided "substantial assistance" rests solely with the government. If the government files a motion for downward departure pursuant to this agreement, the government reserves the right to either take no position as to the appropriate amount of departure and defer entirely to the Court, or, in its discretion, to make any recommendation it deems appropriate respecting the degree of departure.

**The defendant fully understands that whether or not the sentencing court decides to depart downward below a guideline range or statutory minimum sentence, or reduce the defendant's sentence, as well as the extent of any such downward departure or reduction, is completely within the sentencing court's discretion, and that the Court is not bound to accept any recommendation by the government.**

## 2. DEFENDANT'S REPRESENTATIONS TO THE COURT AND FURTHER OBLIGATIONS UNDER THIS AGREEMENT

### A. FACTUAL BASIS

The defendant understands that Count Six of the Indictment charges that the defendant did commit an offense against the United States, that is to say, that on or about May 23, 2002, in the Southern District of Georgia, the defendant did knowingly and willfully distribute cocaine base, in violation of Title 21, United States Code, § 841, and that the defendant's guilty plea constitutes proof as to that Count. The defendant further agrees to the truthfulness and accuracy of the following facts, which the defendant understands constitute

conduct relevant to the charged offense that will be taken into account by the Court at
sentencing:

- **That the amount of cocaine base (crack) distributed in connection with the
  events charged in Count Nine was not less than 29 grams, and**

- **That the conduct set out in Count Ten of the indictment, involving not less
  than 62 grams of cocaine base (crack), was part of the same course of
  conduct and constitutes relevant conduct with respect to Count Nine.**

The defendant understands and agrees that nothing in this agreement shall
abrogate the duty and right of the government to bring all sentencing facts to the attention of the
sentencing court, and the defendant further agrees that the government shall not be bound to
make any recommendation under this agreement if to do so would directly contradict facts
relevant to the offense conduct or the defendant's prior conduct or criminal history, which first
come to the attention of the government, or are confirmed as true, only after the signing of this
agreement.

The defendant understands that the Court is not a party to this agreement, that
the government can only make recommendations which are not binding on the Court, and that
after the entry of the defendant's guilty plea, the defendant has no absolute right to withdraw the
plea. Thus, the Court is free to impose any sentence authorized by law up to the statutory
maximum sentence of not less than 5 nor more than 40 years imprisonment; a fine of not more
than $2,000,000; and a term of supervised release of not less than 4 years..

The defendant further advises the Court that the defendant understands that the U. S.
Probation Office will prepare a presentence investigation report for the Court, and that the U. S.
Probation Office will consider all of defendant's conduct related to the offense to which he is

pleading, which may include conduct related to Counts of the Indictment which were or are to be

dismissed or for which the defendant was acquitted, as well as the defendant's criminal history,

and that these facts will be considered by the Court in determining the defendant's sentence. The

defendant understands that the offense level and criminal history category determined by the

United States Probation Office and the Court may differ from that estimated or projected by

defendant's counsel or the United States Attorney.

**The defendant advises the Court that the defendant understands that if the relevant**

**conduct, guideline sentencing range, or sentence imposed by the Court is more or greater**

**than the defendant expected or, in the case of relevant conduct, is found to be more**

**extensive than the defendant has admitted to, the defendant will still have no absolute right**

**to withdraw the guilty plea.**

### B. FINES AND ASSESSMENTS

The defendant understands that any assessments imposed pursuant to 18 U.S.C §

3013 by the Court at sentencing must be paid on the date of sentencing.

The defendant understands that if a fine or restitution is imposed by the Court at

sentencing, or if the United States is pursuing the forfeiture of any property in which the

defendant has an interest, whether by administrative, civil, or judicial proceeding, the defendant

shall meet with a member of the Debt Collection Unit of the United States Attorney's Office on

the day of sentencing and complete a written personal financial statement setting forth the

defendant's assets and liabilities as of the date of the offense. The defendant further understands

that by completing the financial statement, the defendant is representing that it is true and

accurate to the best of the defendant's information, knowledge, and belief and agrees to make an

honest, good faith effort to pay said fine as directed by the financial litigation section of the

United States Attorney's Office.

### C. FOIA AND PRIVACY ACT WAIVER

The defendant retains all discovery rights to documents pertaining to the
investigation and prosecution of this case as may by law apply to any post-conviction litigation
as to which the right to proceed has not otherwise been waived or relinquished by the defendant
in this agreement or otherwise; HOWEVER, notwithstanding any right on the part of the
defendant to post-conviction litigation, the defendant, as a part of this agreement and in
consideration of the promises by made the government hereunder, waives all rights, whether
asserted directly or by a representative, to request or receive from any department or agency of
the United States any record pertaining to the investigation or prosecution of this case under the
authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5
U.S.C. § 552a, and all subsequent amendments thereto.

### 3. DEFENDANT'S FURTHER REPRESENTATIONS TO THE COURT:

A. The defendant represents to the Court that the defendant has had the services
of an attorney the defendant believes to be competent; that the defendant has met with said
attorney on a sufficient number of occasions and  for a sufficient period of time to discuss the
defendant's case and receive advice; that the defendant has been truthful with his attorney and
related all information of which the defendant is aware pertaining to the case; that the defendant
and defendant's attorney have discussed possible defenses, if any, to the charges in the
indictment, including the existence of  any exculpatory or favorable evidence or witnesses,
discussed the defendant's right to plead not guilty and compel a public trial by jury or by the
Court, the right to the assistance of counsel throughout the proceedings, the right to call
witnesses in the defendant's behalf and compel their attendance at trial by subpoenae, the right to

confront and cross-examine the government's witnesses, the defendant's right to testify in the defendant's own behalf, or to remain silent and have no adverse inferences drawn from the defendant's silence; and that the defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

B.  The defendant further represents to the Court that the plea agreement as set forth herein and the plea to be entered by the defendant is the result of prior discussions between the attorney for the government and the attorney for the defendant, conducted with the defendant's authorization, knowledge and consent; that this plea agreement contains the entire agreement and understanding between the government and the defendant; and that the defendant has no other agreements, understandings, or deals with any person other than those set out in this plea agreement, that is, the defendant advises the Court that the defendant's entire understanding of this Plea Agreement is completely set forth in writing in this document.

C.  The defendant represents to the Court that the defendant has been advised of the nature of the charge to which the plea of guilty is to be offered, of the maximum possible penalty provided by law, as set forth above, and that by entering a plea of guilty the defendant gives up all of the rights set out in paragraph "A" above, gives up any defenses to the charges, and understands that there will not be a further trial of any kind.  The defendant further understands that in entering a plea of guilty, the Court will ask questions about the offense to which the plea is entered.  The defendant understands that the defendant will be under oath and on the record in answering those questions, and that the defendant's answers may later be used against the defendant in a criminal prosecution for perjury or false statement if those answers are

not truthful.

This 26th day of _October_, 2004.

LISA GODBEY WOOD
UNITED STATES ATTORNEY

Frederick Kramer
Assistant United States Attorney
Georgia Bar No. 428971

I have read the foregoing Plea Agreement, consisting of 11 pages, and I understand what it says and means, and by my signature hereunder I swear or affirm under penalty of perjury that the matters and facts set forth therein are true, and accurately and correctly state the representations that have been made to me by my attorney and government agents and/or prosecutors, and accurately set forth the terms and conditions of the plea agreement that has been reached by my attorney on my behalf and with my permission.

Aundrey Douglas
Defendant

J. Franklin Edenfield
Attorney for the Defendant

Date

## O R D E R

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the defendant's motion to change plea, and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by defendant be and it is hereby accepted and the foregoing Plea Agreement be and it is hereby ratified and confirmed.

This **2** day of ___**MARCH**___, ~~2004~~ **2005**.

JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA